JOHN F. SHEPHERD & wife *vs.* INHABITANTS OF CHELSEA.

A city is not liable for an injury caused by the combined effect of the unsafe condition of a highway and the unlawful or careless act of a third person.

TORT to recover damages for an injury sustained by the female plaintiff by reason of a defective highway.

At the trial in the superior court, it was proved or admitted for the purposes of the trial that boys had been in the habit of sliding with sleds, without interruption from the city authorities, upon a sidewalk which the defendants were bound to keep in

repair, and had made the snow and ice upon the same so slippery as to be dangerous; and while the female plaintiff was walking thereon, in a dark evening, a boy in sliding ran upon her with his sled and threw her down, and in falling she injured her wrists, breaking some bones. She did not see the boy or sled until she was struck, and, by reason of the slippery state of the sidewalk, could not have avoided them if she had seen them coming.

Upon these facts, *Lord,* J. ruled that the action could not be sustained; and a verdict was returned by consent for the defendants. The plaintiffs alleged exceptions.

*W. A. Richardson,* for the plaintiffs.

*M. Chamberlain,* for the defendants.

BIGELOW, C. J. The court are of opinion that these exceptions cannot be sustained. It does not appear that the injury to Mrs. Shepherd was occasioned by the alleged defect in the way. But taking the view most favorable to the plaintiffs, it is very clear that the accident happened in part from the unlawful or careless act of a third person, and so the case comes within *Rowell* v. *Lowell,* 7 Gray, 100, and *Kidder* v. *Dunstable,* Ib. 104.

*Exceptions overruled.*